IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 23-CV-2109 |
| BRIAN WERNER, *et al.*,<br>    Defendants. | :<br>:<br>: |

<u>**MEMORANDUM**</u>

**SLOMSKY, J.**                                                                                                                                                         **JUNE 28, 2023**

Ronald Goode, a pretrial detainee currently housed at FDC Philadelphia ("FDCP"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are Philadelphia Police Officers Brian Werner, Thomas Rola, Jr., Neil J. Carr, John McCrorey, "P/O Cain," Joseph McCook, Sgt. Nowakoski, Maureen Snyder, Sean P. O'Malley, and "P/O Thurston"; Philadelphia District Attorney Larry Krasner and Assistant District Attorney Ada Zingone; ATF Special Agent Shiva Raja; Judge Kai Scott; Attorneys Rania Maria Major and Richard A. Shore; and FDCP Warden A. Cruz.[1] Goode also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Goode leave to proceed *in forma pauperis*, dismiss

---

[1] Defendants Snyder, Raja, and Thurston are named in their individual capacity only; Judge Scott, and Attorneys Major and Shore are named in their official capacity only; all other Defendants are named in both their individual and official capacities. (Compl. at 2-6.)
    FDCP Warden Cruz is listed as a Defendant in the Complaint but is not listed as a Defendant on the Court's docket. Also, Philadelphia District Attorney Larry Krasner is named as a Defendant in the body of the Complaint but does not appear on the docket. The Clerk of Court will be directed to add A. Cruz and Philadelphia District Attorney Larry Krasner as Defendants. Finally, the Clerk will be directed to correct the spelling of Defendant Carr's first name to read "Neil" and not "Nell."

certain Defendants with prejudice, dismiss certain claims without prejudice, and stay all remaining claims.

I.   **FACTUAL ALLEGATIONS**[2]

Goode's allegations are disjointed, repetitious, and not entirely clear.  He seeks money damages against all Defendants alleging that on January 27, 2020, narcotics agents "made a crime scene to seek probable cause to retrieve illegal evidence from houses." (Compl. at 9.)  He asserts a state court criminal case against him was later *nolle prossed* by an order entered by then Court of Common Pleas Judge Kai Scott "through collusion, manipulation, [and] malicious prosecution." (*Id*.)  He asserts that the officers fabricated, tampered with, and tainted evidence, falsified documents, and took "a lot of the drugs." (*Id*. at 10.)  Goode mentions Defendant McCook and unspecified "agents from my 2001 federal case," but the purpose of this reference is unclear. (*Id*.)  In another portion of the Complaint, Goode asserts that he is being falsely imprisoned and being maliciously prosecuted for a "made up case" by unspecified agents of the Narcotics Bureau. (*Id*. at 17.)  Goode claims he was accused of making two drug transactions with a confidential informant until he "submitted [a] sworn affidavit to the court explaining the Narcotics corruption." (*Id*.)  He asserts that a response filed by unspecified governmental officials to an omnibus motion he filed "was misleading to the court" since Goode did not live at the address that was apparently mentioned in the response, but was only there as a guest. (*Id*.)

---

[2] Unless otherwise provided, the factual allegations set forth in this Memorandum are taken from Goode's Complaint, which consists of the Court's preprinted form and additional handwritten and typed pages.  (*See* ECF No. 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.
  Some of the typed pages contain only conclusory allegations of alleged crimes and constitutional violations.  (*Id*. at 7-8.)  Defendants John McCrory, P/O Cain, ADA Zingone, Sean P. O'Malley, P/O Thurston, Sgt. Nowakowski, and A. Cruz are listed in these pages, but there are no other substantive allegations raised against them elsewhere in the submission.

Goode contends that Defendants Werner and Snyder "got probable cause from the judge . . . because of the two transactions . . . when both transaction[s] never took place," based on alleged falsified statements. (*Id*.) Goode makes numerous allegations of improper police procedures involving evidence in the case by McCook, Werner and Snyder. (*Id*. at 17-18.) He alleges that collection procedures and lab analyses of gun and drug evidence were tainted. (*Id*. at 18-19.) He alleges that Snyder, McCook, and Werner conspired to steal the drugs. (*Id*. at 21.)

Defendants McCook, Rola, Werner, and Snyder allegedly "combine[d] all the evidence" in his case with the case of another person, Omar Perez. (*Id*. at 17-18.) He claims that Perez's case was dismissed in state court due to a finding that a search of a house was illegal. (*Id*.) He asserts the "state DA office" is covering this up and committing a *Brady* violation by hiding evidence that is part of his case. (*Id*.) He claims Defendant McCook has been harassing him since 1999 and "place[d Goode] in the federal system for over 14 years." (*Id*.) Goode asserts that McCook and Werner "create[d] a case on plaintiff," have targeted him, and made up the crime scene about the paid confidential informant. (*Id*.) Defendant Carr is also mentioned as part of the "fake crime scene." (*Id*. at 18.) Defendant Sgt. Nowakowski is listed, but any substantive allegation against him is entirely unclear. (*Id*.)

Defendant Rania Maria Major, an attorney who represents Goode, allegedly researched the Perez case on a computer, but "it did not show no more proceeding[s in the case] after the fed 2020 hearing," which Goode asserts shows a cover up of corruption in the District Attorney's Office concerning probable cause to obtain the search warrant. (*Id*.) Defendant Richard Shore, an attorney who represented Goode at a preliminary hearing, allegedly never informed Goode about the rights he was waiving. (*Id*. at 19.) Attorney Major allegedly violated the Code of Professional Conduct by providing ineffective representation, and blamed the COVID-19

3

shutdown for her failure to file speedy trial motions, resulting in a 17-month delay in Goode's case. (*Id.*) Defendant District Attorney Larry Krasner, apparently violated Goode's rights by permitting the United States to adopt Goode's criminal charges. (*Id.*)

Defendant ATF Agent Shiva Raja allegedly filed a defective complaint in the course of the Government's adoption of Goode's state court charges and placed him under arrest "in court at trial," causing a Philadelphia sheriff's officer to intervene. (*Id.*) Raja brought Goode before Judge Scott at the Criminal Justice Center where Judge Scott allegedly conspired "by signing [Goode's] release to ATF." (*Id.*) According to Goode, Judge Scott had the power to deny his release to the ATF and put him in "harms way" to more violations of his rights and malicious prosecution. (*Id.*)

A review of public records shows that Goode is awaiting trial before this Court on criminal charges of possession and possession with intent to distribute fentanyl and crack cocaine, and possession of a firearm by a felon. *See United States v. Goode*, Crim. No. 22-44-1 (E.D. Pa.). Defendant Major is listed on the docket as one of his defense attorneys. The federal criminal complaint was supported by the affidavit of Defendant ATF Agent Shiva Raja. *Id.* (ECF No. 1.) The docket reflects that Goode is being held as a pretrial detainee at FDCP. The case is currently scheduled for trial on September 25, 2023.[3]

---

[3] Goode also filed a *habeas corpus* petition in this Court pursuant to 28 U.S.C. § 2241. *See Goode v. Cruz*, Civ. A. No. 23-2104 (E.D. Pa.). The petition was dismissed by Order filed on June 12, 2023, because he sought to raise claims already presented in the context of his criminal case. (*See id.* at ECF No. 5.)

**II.   STANDARD OF REVIEW**

The Court grants Goode leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Because Goode is proceeding *pro se*, the Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))).

**III.   DISCUSSION**

Goode asserts claims for civil rights violations pursuant to § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v.*

---

[4] Because Goode is a prisoner, under the Prison Litigation Reform Act he must still pay the $350 filing fee in installments.

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

    **A.**    **Defendants With No Substantive Allegations**

As noted, Goode has named as Defendants John McCrory, P/O Cain, ADA Zingone, Sean P. O'Malley, P/O Thurston, Sgt. Nowakowski, and A. Cruz, against whom he has made only conclusory allegations. Because conclusory allegations do not suffice to allege civil rights violations, *Iqbal*, 556 U.S. at 678, and Goode makes no substantive allegations describing how they were personally involved in a violation of his civil rights, the individual and official capacity claims against these Defendants will be dismissed without prejudice. Goode will be granted an opportunity at a later date to file an amended complaint if he is capable of alleging plausible claims against these Defendants.

    **B.**    **Judge Scott**

Goode asserts claims against Judge Scott, who presided over the proceedings in the Court of Common Pleas that led to the dismissal of the state court charges, apparently when the

charges were adopted by the United States.[5]  The claims against Judge Scott are dismissed with prejudice.

Judges are entitled to absolute immunity from civil rights claims asserted against them that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

---

[5] As noted, Judge Scott is named in her official capacity only.  An official capacity claim seeking money damages against a Judge of the Court of Common Pleas is actually a claim against the Commonwealth of Pennsylvania since the Philadelphia Court of Common Pleas is a part of Pennsylvania's unified judicial system.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  States are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  The Court of Common Pleas shares in the Commonwealth's Eleventh Amendment immunity.  *Benn*, 426 F.3d at 241.  Accordingly, the claims for money damages Goode seeks to assert against Judge Scott in her official capacity may not proceed.  Granting Goode a liberal construction of his claim, the Court will also consider whether he may assert the claim against Judge Scott in her individual capacity.

The act of presiding over a court hearing at which state court charges are *nolle prossed* when those charges are adopted by the United States is a judicial act.  Because Judge Scott clearly acted within her jurisdiction as a Judge of the Court of Common Pleas, Judge Scott enjoys absolute immunity from Goode's civil rights claim.  The claim against her will be dismissed with prejudice as any attempt to amend the claim would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

### C.     Attorneys Rania Maria Major and Richard Shore

Goode has named as Defendants Rania Maria Major and Richard Shore, both of whom are attorneys who allegedly represented Goode in his criminal case.  Any constitutional claim against Major and Shore based on their role as defense counsel in Goode's criminal case is not plausible and must be dismissed with prejudice because an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a person acting under color of state law for purposes of § 1983.  *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as

officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, all claims against Major and Shore are dismissed with prejudice.

        **D.**      **Philadelphia District Attorney Larry Krasner**

Defendant Krasner allegedly violated Goode's rights by permitting the United States to adopt Goode's state court criminal charges. This claim is also dismissed with prejudice.

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Moreover, District Attorneys and other supervisory prosecutors like Krasner are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Krasner's alleged actions in dismissing the state court criminal charges when the United States apparently adopted the charges were acts intimately associated with the judicial phase of

the criminal process in which he and his Office represented the Commonwealth. The United States Supreme Court has held that the decision whether or not to pursue a trial is strictly within the discretion of the prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Therefore, absolute prosecutorial immunity extends to the decision to enter a *nolle pros*. *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) (decision to enter a motion of *nolle prosequi* entitled to absolute immunity); *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) (same); *see also Bresko v. John*, 87 F. App'x 800, 802 (3d Cir. 2004) (*per curiam* decision citing *Brooks*). Such actions "are all prosecutorial activities 'intimately associated with the judicial phase of the criminal process,'" *Brooks*, 84 F.3d at 168, and are, therefore, cloaked in absolute immunity. Goode's claim against Krasner is thus not plausible and dismissed with prejudice.

### E.   Official Capacity Claims

In drafting his Complaint, Goode checked the boxes on the form he used indicating that he seeks to name Defendants Philadelphia Police Officers Brian Werner, Thomas Rola, Jr., Neil J. Carr, Joseph McCook, and Sgt. Nowakoski in their individual and official capacities. Goode appears not to have understood the implication of checking the official capacity boxes. Claims against municipal employees such as these Defendants named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants, here the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). Because Goode does not attempt to allege that his civil rights were violated due to a policy or custom of the City, the official capacity claims will be dismissed because they are not plausible. Goode will, however, be permitted the opportunity at a later date to file an amended complaint if he is able to allege a plausible official capacity claim.

F. **Stay of Remaining Claims**

Goode makes substantive assertions against Defendant Philadelphia Police Officers Brian Werner, Thomas Rola, Jr., Joseph McCook, Neil J. Carr, and Maureen Snyder, and ATF Agent Shiva Raja. He appears to contend that Defendants Werner and Snyder acted improperly in getting a judge to sign a warrant without probable cause based on false statements because the two drug transactions for which he has been charged never took place. He also makes numerous allegations of improper police procedures involving evidence in the case by McCook, Werner, and Snyder involving evidence collection procedures and lab analyses of gun and drug evidence. He alleges that Snyder, McCook, and Werner conspired to steal the drugs they allegedly confiscated. Defendant Carr is mentioned as part of creating a "fake crime scene."

11

Defendants McCook, Rola, Werner, and Snyder allegedly "combine[d] all the evidence" in his case with the case of another person, Omar Perez, and the case against Perez was dismissed in state court due to a finding that a search was illegal. He claims Defendant McCook has been harassing him since 1999, leading to the federal charges he currently faces, and that McCook and Werner "created" the case against him by making up the crime scene and the statements of the paid confidential informant. Agent Raja allegedly filed a defective federal criminal complaint, placed Goode under arrest, and brought Goode before Judge Scott.

Because the underlying issue of whether these Defendants violated Goode's constitutional rights is currently being litigated in his criminal case, the Court must abstain from considering the claims raised in this case against them. "A United States district court has broad power to stay proceedings," and "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). "In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699 at *1 n.1 (E.D. Pa. Jan. 25, 2016) (quotation marks omitted). In making this determination, the Court weighs whether a stay would create prejudice, whether a party would suffer a hardship or inequity, and whether granting the stay would further the interest of judicial economy. *Id.* Courts also consider whether "discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

The need for a stay of Goode's civil claims is clear. Goode's criminal proceeding is still pending and provides Goode an adequate opportunity to argue that the pending charges should

be dismissed due to the Defendants' allegedly improper actions. In fact, Goode has raised the same arguments in a counseled motion to suppress evidence that remains pending. *See United States v. Goode*, Crim. No. 22-44-1, (ECF No. 43 (counseled motion to suppress evidence)). Thus, staying the civil case would further the interests of judicial economy and avoid the possibility of inconsistent adjudication. The Court also perceives no prejudice, hardship or inequity to delaying Goode's civil claims until the issues in his criminal case are resolved since the civil case is still subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B), thus no discovery or trial date has been set in this case, and the resolution of the criminal case may preclude Goode's civil claims.

## IV.     CONCLUSION

For the reasons provided, the Court will dismiss with prejudice the claims asserted against Judge Scott, Attorneys Major and Shore, and District Attorney Larry Krasner. The Court will dismiss without prejudice all official capacity claims and the individual capacity claims asserted against Defendants John McCrory, P/O Cain, ADA Zingone, Sean P. O'Malley, P/O Thurston, Sgt. Nowakowski, and A. Cruz. The claims against Defendants Brian Werner, Thomas Rola, Jr., Joseph McCook, Neil J. Carr, Maureen Snyder, and Shiva Raja will be stayed. An appropriate Order will be entered separately.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**
