## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD GOODE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-2109** |
| | : | |
| **BRIAN WERNER,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMO/ORDER

AND NOW, this 17th day of July, 2023, upon consideration of Ronald Goode's "Challenge the Stay" (ECF No. 8), which the Court construes as a motion filed pursuant to Local Rule 7.1(g) for reconsideration of the Order (ECF No. 7) staying this case pending the resolution of Goode's related federal criminal case, it is **ORDERED** that the Motion is **DENIED**.

———————————————

A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ).  The need to stay this case pending completion of Goode's criminal case was not error nor did it create a manifest injustice.

In his "Challenge," Goode objects to the amount of time this case will be stayed, asserting that the Government has delayed his criminal case by not turning over readily available discovery materials.  He also repeats his underlying allegations that the Government and its law

enforcement agents have filed a "corrupt case" based on false documents.  He asserts that the stay is an abuse of process and prejudicial.  (ECF No. 8 at 2-3.)

The decision to impose the stay was within the Court's sound discretion.  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (holding that a district court has broad power to stay proceedings in the exercise of its sound discretion where one lawsuit may substantially affect it or be dispositive of the issues in another lawsuit.  As the Court stated in the prior Memorandum, the underlying issues this case – whether the Defendants violated Goode's constitutional rights in the manner in which the criminal charges were investigated and adopted by the United States – must be decided in his criminal case, which provides Goode an adequate opportunity to argue that the pending charges should be dismissed due to the Defendants' allegedly improper actions.  The Court also noted that Goode has raised the same arguments in a counseled motion to suppress evidence that remains pending.  *See United States v. Goode*, Crim. No. 22-44-1, (ECF No. 43 (counseled motion to suppress evidence)).

Nothing in Goode's arguments for reconsideration touch on the Court's reasons explaining the need for the stay.  Notably, his assertion that the Government has been responsible for delays in his criminal case is one he may address in that case, but the assertion also elides over the fact that the criminal case was delayed in part by Goode's own litigation activity.  The case was originally scheduled for trial on January 9, 2023 (*see id*. ECF No. 54 (Order of Sept. 8, 2022)) before Goode filed this civil action on May 30, 2023 asserting civil rights violations.  Goode, however, on September 18, 2022 filed of a *pro se* notice of appeal from an order denying a defense motion (*see id*, ECF No. 59) that delayed the scheduled suppression hearing in the criminal case.  (*Id*., ECF No. 65.)  Once the appeal was dismissed on

October 11, 2022 (*see id.*, ECF No. 66), the Court entered an Order (ECF No. 72) excluding time under the Speedy Trial Act pending Goode's decision whether he would proceed *pro se* in the criminal case.  A counseled defense motion for a continuance of the suppression hearing and the trial was filed on April 20, 2023 (ECF No. 85) leading to the current trial posting of September 25, 2023.  (ECF No. 88.)  The Court concludes that Goode's reliance of the Government's alleged delays, as well as his reassertion of the underlying claims about improper governmental conduct, are not meritorious grounds to reconsider the entry of the stay.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**