IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE,<br>Plaintiff,<br>v.<br>BRIAN WERNER, et al.,<br>Defendants. | CIVIL ACTION<br>NO. 23-2109 |

**OPINION**

**Slomsky, J.** **September 30, 2026**

**TABLE OF CONTENTS**


**I. INTRODUCTION** ..... **2**

**II. BACKGROUND** ..... **2**

**III. STANDARD OF REVIEW** ..... **7**

**IV. ANALYSIS** ..... **7**

A. Claims Against Philadelphia Narcotics Officers Brian Werner, Thomas Rola Jr., Neil J. Carr, Joseph McCook, and Maureen Snyder ..... 7

1. Fourth Amendment Claims ..... 8

2. Tampering with Evidence Claims ..... 13

3. Conspiracy Claims ..... 15

B. Claims Against ATF Agent Shiva Raja ..... 16

**V. CONCLUSION** ..... **21**

## I. INTRODUCTION

In February 2022, Plaintiff Ronald Goode ("Goode") was indicted by a federal grand jury and charged with possession with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. Three months later, Goode, proceeding pro se, initiated this civil rights case, claiming that government officials behind a search, his arrest, and his prosecution violated his constitutional rights. In June 2023, this Court dismissed many of Goode's claims and stayed the remaining claims pending resolution of Goode's federal criminal case, United States v. Goode, No. 22-cr-44 (E.D. Pa. 2022). Because Goode entered guilty pleas in that case and a judgment was entered on March 19, 2026, it is now appropriate to lift the stay entered in this civil case and consider the remainder of Goode's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons discussed below, the remainder of Goode's claims will be dismissed.

## II. BACKGROUND

On May 30, 2023, while detained pending his federal criminal trial, Goode filed a Complaint against seventeen defendants alleging civil rights violations under 28 U.S.C. § 1983 (Doc. No. 2). As expressed in this Court's Opinion dismissing most of Goode's claims, Goode's

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> . . .
>
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

allegations in the Complaint are "disjointed, repetitious, and not entirely clear."[2] (Doc. No. 6 at 2.) Goode claims that on January 27, 2020, narcotics agents, including Defendants Brian Werner, Joseph McCook, and Neil J. Carr, "made a crime scene to seek probable cause to retrieve illegal evidence" from the residence at 933 W. Butler St., Philadelphia, Pennsylvania (the "Butler Street residence"). (Doc. No. 2 at 9, 18.)[3] Goode asserts that the officers fabricated, tampered with, and tainted evidence, falsified documents, and combined or planted drugs at the crime scene to "get a harsh penalty" against him. (Id. at 10, 17.) He claims he was "falsely arrested," and that he did not live in the Butler Street residence and was only there as a guest. (Id. at 7–8, 17.) Regarding the warrant authorizing the search of the Butler Street residence, Goode claims Defendants Brian Werner and Maureen Snyder falsified statements to get probable cause. (Id. at 17.)

The Complaint also alleges improper procedures and misconduct occurring after Goode's arrest. Goode claims Defendants McCook, Rola Jr., Werner, and Snyder "combine[d] all the evidence" in his case with the case of another person, Omar Perez. (Id. at 17–18.) As a result, Goode claims the net weight of drugs was higher, leading to harsher criminal charges against him. (Id.) In February 2022, Defendant Shiva Raja, a Special Agent with the Bureau of Alcohol,

---

[2] The Court's full statement of facts is set forth in its Opinion dated July 29, 2023 (Doc. No. 6). In the Opinion, the Court terminated the following Defendants from this case: Philadelphia Police Officer John McCrorey; Narcotics Officer Cain; Sargent Nowakowski; Assistant District Attorney Zingone; Sean P. O'Malley; Judge Kai Scott; Philadelphia Police Officer Thurston; Attorney Rania Maria Major; Richard A. Shore; Warden A. Cruz; and Philadelphia District Attorney Larry Krasner. (Id.) It also terminated all official-capacity claims against the remaining Defendants on sovereign immunity grounds. (Id. at 10–11.) For purposes of clarity, this Opinion reiterates the allegations in the prior Opinion involving the remaining Defendants in this case.

[3] The Court adopts the sequential pagination assigned to the Complaint by the Electronic Case Filing (ECF) system.

Tobacco, Firearms and Explosives (ATF), allegedly filed a defective complaint and wrongfully placed him under arrest "in court at trial." (Id. at 18.)

On June 30, 2023, this Court granted Goode's motion to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. Nos. 6, 7.) The Court dismissed Goode's claims against eleven Defendants. (See id.) Six Defendants remained in this case. (See id.) They are as follows:

1) Brian Werner, Philadelphia Narcotics Officer, in his individual capacity
2) Thomas Rola, Jr., Philadelphia Narcotics Officer, in his individual capacity
3) Neil J. Carr, Philadelphia Narcotics Officer, in his individual capacity
4) Joseph McCook, Philadelphia Narcotics Officer, in his individual capacity
5) Maureen Snyder, Philadelphia Narcotics Officer, in her individual capacity
6) Shiva Raja, ATF Special Agent, in her individual capacity

(See id.) The Court stayed the claims against the remaining six Defendants pending resolution of Goode's criminal case.[4] (Id.)

---

[4] The Order imposing the stay provided as follows: "If he seeks to pursue his claims, Goode must notify this Court within thirty (30) days of the final resolution of his related criminal case that (a) the proceeding has been finally resolved; (b) how the proceeding resolved; and (c) whether he still intends to pursue the claims in the instant case. Failure to comply with this Order may result in dismissal of this case." (Doc. No. 7 at 3.) Judgment was entered in Goode's criminal case on March 19, 2026, but Goode did not update the Court on the status of his criminal case as of the date of this Opinion.

While Goode filed a Notice of Appeal on March 24, 2026, the Court is satisfied that this case can be dismissed prior to resolution of the appeal in the Third Circuit. In his Plea Agreement, Goode agreed to receive a sentence of 120 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Goode, 22-cr-44 at Doc. No. 218 ¶ 4. That sentence was imposed by Judge Milton Younge, a Judge on the Eastern District of Pennsylvania. See id. at Doc. No. 237. In paragraph 14 of his Plea Agreement, Goode agreed to only challenge on appeal, if the Court accepted the Plea Agreement, a claim of ineffective assistance of counsel. Id. at Doc. No. 218 ¶ 14. While Goode may challenge on appeal that his lawyer was ineffective in representing him at the hearings on his motions to suppress evidence, the Court is satisfied

In his criminal case, Goode was charged in three Counts with possession with intent to distribute 40 grams or more of fentanyl and cocaine (Count I), possession of a firearm in furtherance of a drug trafficking crime (Count II), and possession of a firearm by a felon (Count III). See Goode, No. 22-cr-44 at Doc. No. 13.[5] Prior to his criminal trial, Goode moved to suppress the drugs and firearms found in the Butler Street residence, claiming they were "seized as a result of an illegal search, following the arrest of [Goode] not supported by probable cause." Id. at Doc. No. 43. In the Motion, Goode alleged that because his arrest was without probable cause, the officers could not have conducted a valid search incident to arrest, and any evidence uncovered during the search must be suppressed. Id. Goode also filed a second Motion to Suppress challenging the validity of the warrant used to search the Butler Street residence, arguing "the affidavit supporting the search warrant for the residence located at 933 West Butler Street lacked the requisite probable cause to justify the search." Id. at Doc. No. 195. Goode asserted that the warrant affidavit "failed to provide sufficient facts to support a reasonable belief that

---

that this claim should not prevent, at this time, a decision on the claims involving the remaining Defendants. Rashid v. Hazleton, No. 93-1135, 1996 WL 114809, at *2 (E.D. Pa. Mar. 14, 1996) (lifting stay because "the intention of [the court] was only to suspend this case until a final judgment had been rendered in the criminal action, not until that final judgment had been upheld through the appellate process."); see also Russell v. Deveraux, No. 07-621, 2008 WL 217129, at *1 (E.D. Wis. Jan. 24, 2008) (sua sponte lifting stay to screen Section 1915 complaint when "plaintiff ha[d] not updated the court on the status of the underlying criminal case" and "the court's own research reveal[ed] that his criminal case is now closed.").

[5] In screening a Complaint pursuant to 28 U.S.C. § 1915, a court may consider the Complaint, certain documents "whose contents are alleged in the Complaint and whose authenticity no party questions," and judicially noticeable documents. Herrera v. Agents of Pa. Bd. of Prob. & Parole, 132 F.4th 248, 253 n.2 (3d Cir. 2025). Because court documents are a matter of public record and can be judicially noticed, the Court will consider the filings in Goode's criminal trial. See, e.g., Sowemimo v. Thomas, No. 09-639, 2009 WL 3806737, at *3 (W.D. Pa. Nov. 13, 2009).

instrumentalities or proceeds of criminal activity would be found inside the residence," and that it "contained false information that . . . would render the search warrant void of probable cause." Id.

After conducting a hearing on the Motions to Suppress and receiving testimony from Officer Werner, Judge Younge concluded that probable cause existed for the search warrant and for Goode's arrest. Id. at Doc. Nos. 212, 213. Judge Younge concluded that "the Affidavit offered in support of the Search Warrant set forth detailed and sufficient factual averments to establish probable cause to issue a warrant to search 933 W. Butler Street." Id. at Doc. No. 212. Judge Younge also declined to suppress evidence found on Goode's person during a search incident to his arrest. Id. Therefore, both Motions to Suppress were denied. Id.

On October 20, 2025, Goode entered guilty pleas in the criminal case. Id. at Doc. No. 218. After entering the plea, Goode moved to retest the controlled substances involved in his case, but Judge Younge denied the motion, finding that Goode had "specifically admitted to the weight of the controlled substances as alleged by the Government" during his change of plea colloquy. Id. at Doc. Nos. 222, 228. On March 18, 2026, Goode was sentenced,[6] and the judgment was entered on March 19, 2026. Id. at Doc. Nos. 235, 237. On March 24, 2026, Goode filed a notice of appeal. Id. at Doc. No. 238.

Because a final judgment in the criminal case was entered on March 19, 2026, it is appropriate for this Court to lift the stay in Goode's civil case and screen the remainder of Goode's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the remainder of Goode's claims will be dismissed.

---

[6] More specifically, Goode was sentenced to 120 months' imprisonment and 4 years of supervised release. Goode, 22-cr-44 at Doc. No. 237. The term for imprisonment includes 60 months on Counts 1 and 3, to be served concurrently, and 60 months on Count 2 to run consecutively. Id.

## III. STANDARD OF REVIEW

Since Goode is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim on which relief may be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. As Goode is proceeding pro se, the Court construes his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013)).

## IV. ANALYSIS

### A. Claims Against Philadelphia Narcotics Officers Brian Werner, Thomas Rola Jr., Neil J. Carr, Joseph McCook, and Maureen Snyder

First, the Court considers Goode's claims against Philadelphia Narcotics Officers Werner, Rola Jr., Carr, McCook, and Snyder. In the Complaint, Goode brings Section 1983 claims alleging these Defendants searched the Butler Street residence without a warrant, staged a crime scene, tampered with or mishandled evidence, falsely arrested him, and conspired to violate Goode's

constitutional rights. (See Doc. No. 2.) For the following reasons, the Court will dismiss Goode's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 1. Fourth Amendment Claims

The Court will dismiss Goode's claims on (a) the search and seizure of evidence from the Butler Street residence, and (b) Goode's arrest following the search of the Butler Street residence.

#### a. Search and Seizure of Evidence

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Subject to certain exceptions, [a] search of a house without a warrant issued on probable cause is generally unreasonable." United States v. Guerrier, No. 21-1725, 2021 WL 5822394, at *2 (3d Cir. Dec. 6, 2021) (quoting United States v. White, 748 F.3d 507, 511 (3d Cir. 2014)).

Here, Goode alleges Defendants lacked probable cause to enter the residence and search for evidence. (Doc. No. 2 at 17.) Additionally, Goode claims Defendants Werner, McCook, and Carr "create[ed] a crime scene" to manufacture probable cause and "create[e] a crime on" Goode. (Id. at 7, 17.) Finally, Goode asserts Defendants Werner and Snyder used false information to obtain a search warrant. (Id. at 17.) Even construing Goode's Complaint liberally, there is one overriding impediment to Goode's Fourth Amendment claims in this civil case: they were already litigated against him in his criminal case.

"Collateral estoppel, or issue preclusion, prevents a party who litigated an issue previously from rearguing that particular issue even if the other litigants were not party to the earlier proceeding." James v. Heritage Valley Fed. Credit Union, 197 Fed. App'x 102, 105 (3d Cir. 2006). Issue preclusion bars re-litigation of an issue where "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior

judgment."[7] Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231–32 (3d Cir. 1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992)).

The Third Circuit has recognized that "[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding." James, 197 Fed. App'x at 105. In this vein, courts in this Circuit have frequently applied issue preclusion to bar re-litigation of unsuccessful motions to suppress in subsequent civil cases. See, e.g., id. at 106 (finding defendant's failure to prevail at suppression hearing precluded re-litigation of whether search and seizure violated Fourth Amendment rights in Section 1983 claim); Chamberlain v. City of Phila., No. 20-6572, 2023 WL 2868010, at *10 (E.D. Pa. Apr. 10, 2023) (finding plaintiff, "[h]aving had a full and fair opportunity to challenge the constitutional validity of the Officers' actions under the Fourth Amendment and litigate the issue to a final judgment, [was] collaterally estopped from re-litigating the same constitutional challenges via a § 1983 action"); Crawford v. Frimel, 227 Fed. App'x 211, 213–14 (3d Cir. 2009); Aursby v. Auxter, No. 19-4849, 2021 WL 3885122, at *9 (E.D. Pa. Aug. 30, 2021).

Here, the elements of issue preclusion are met with respect to Goode's Fourth Amendment search and seizure claims. For this reason, Goode is barred from re-litigating these claims in this lawsuit. First, the Motions to Suppress in Goode's criminal case and his Fourth Amendment claims here concern the same issues. Goode's Complaint in this case asserts officers lacked probable cause to enter the Butler Street Residence, and therefore "create[ed] a crime scene" to manufacture probable cause. (Doc. No. 2 at 17.) The Complaint also alleges that officers acted on a defective

[7] When screening a complaint pursuant to Section 1915(e)(2)(B), a court may raise issue preclusion sua sponte "if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." Brewer v. Hopple, No. 15-0942, 2015 WL 3754548, at *5 (M.D. Pa. June 16, 2015) (quoting Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002)).

search warrant based on false statements. (Id.) Goode's Motions to Suppress in his criminal case allege the same matters: that officers lacked probable cause to enter the home and that the search warrant was based on defective, false statements. See Goode, No. 22-cr-44 at Doc. Nos. 43, 195. Therefore, the first element of issue preclusion is met.

Second, regarding whether the same issues were actually litigated, the existence of probable cause and validity of the warrant were, in fact, actually litigated in the criminal case. The parties filed Proposed Findings of Fact and Conclusions of Law on the Motions to Suppress, and a hearing was held on the Motions on August 6, 2025. Id. at Doc. Nos. 205, 209, 210. In his Findings of Fact and Conclusions of Law, Judge Younge states he considered "the arguments made in [Goode's] two motions to suppress physical evidence, as well as the Government's Response in Opposition, the evidence and testimony presented at the hearing, and the Parties' respective proposed findings of fact and conclusions of law" in making his ruling. Id. at Doc. No. 211. Accordingly, the second element of issue preclusion is met.

Third, the rulings on the Motions to Suppress in the criminal case were determined by a valid and final judgment. "[F]or purposes of issue preclusion [a] 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." In re Docteroff, 133 F.3d 210, 216 (3d Cir. 1997) (quoting Restatement (Second) of Judgments § 13 (1982)). "It is generally accepted that 'denial of a suppression motion followed by a conviction is a final judgment for collateral estoppel purposes.'" Briggs v. Godby, No. 08-5239, 2009 WL 4756390, at *6 n.5 (E.D. Pa. Dec. 10, 2009) (quoting Berry v. Chaves, No. 02-893, 2003 WL 21497557, at *2 (E.D. Pa. June 30, 2003)). Here, the criminal docket indicates Judge Younge issued an order on the Motion to Suppress on September 24, 2025. See Goode, No. 22-cr-44 at Doc. No. 212. Final judgment in the criminal case was

entered on March 19, 2026.[8] Id. at Doc. No. 237. For issue preclusion purposes, Judge Younge's rulings on the Motions to Suppress constitute valid and final judgments.

Fourth, Judge Younge's rulings on the Motions to Suppress were essential to the prior judgment in the criminal case. The Motions to Suppress sought to exclude the drugs and firearms recovered from the Butler Street residence from Goode's criminal trial. See id. at Doc. Nos. 43, 195. The drugs and firearms seized from the Butler Street residence formed much of the factual basis of Goode's guilty pleas. See id. at Doc. No. 218. Had Judge Younge found the officers lacked probable cause to enter the residence or that the search warrant was invalid, most of the evidence supporting Goode's guilty pleas may have been suppressed. Therefore, Judge Younge's findings were essential to the judgment in the criminal case.

Because he had a full and fair opportunity to litigate claims regarding search and seizure in the criminal case, Goode is barred from re-litigating them in this civil case. Therefore, the Court will dismiss Goode's claims pertaining to the search and seizure of the Butler Street residence.

**b. False Arrest and False Imprisonment Claims**

In addition to preventing unreasonable searches, "[t]he Fourth Amendment prohibits a police officer from arresting a citizen without probable cause." Paff v. Kaltenbach, 204 F.3d 425, 435 (3d Cir. 2000). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish . . . that the arrest was made without probable cause." James v. City of Wilkes-Barre,

---

[8] Goode entered guilty pleas on October 20, 2025. Goode, Criminal Case No. 22-cr-44 at Doc. No. 218. The Third Circuit Court of Appeals has recognized that a guilty plea is essentially "equivalent to the same declaration made by a judge or jury." United States v. Couch, 291 F.3d 251, 254 (3d Cir. 2002). Therefore, the fact that Goode was convicted by pleading guilty makes no difference to the finality of judgment for issue preclusion purposes.

Additionally, while Goode's direct appeal in the criminal case is still pending, "the pendency of an appeal does not preclude the application of collateral estoppel." Brown v. Krokos, No. 13-1248, 2015 WL 4040584, at *6 (M.D. Pa. July 1, 2015).

700 F.3d 675, 680 (3d Cir. 2012). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" Harvard v. Cesnalis, 973 F.3d 190, 199 (3d Cir. 2020) (quoting Dempsey v. Bucknell Univ., 834 F.3d 457, 477 (3d Cir. 2016)).

In the Complaint, Goode alleges Defendants caused Goode to be "falsely arrested" or "falsely imprisoned." (Doc. No. 2 at 7.) Like his claims regarding the search of the Butler Street residence, these claims were already litigated in Goode's criminal case and must be dismissed.

As discussed above, issue preclusion bars re-litigation of an issue where "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." Burlington N. R.R. Co., 63 F.3d at 1231–32. All four of these elements are met here.

First, the civil Complaint alleges, and the criminal motions to suppress litigated, the "same issue" regarding Goode's arrest and imprisonment. In the Complaint, Goode alleges Defendants falsely arrested and/or imprisoned him because they lacked probable cause. (Doc. No. 2 at 7–8, 17.) Similarly, in his first Motion to Suppress, Goode argued the initial "arrest of [Goode] was not supported by probable cause necessary to effect [Goode's] warrantless arrest" and that "[Goode's] conduct on February 5, 2020 did not give rise to probable cause necessary to effect his arrest and subsequent search incident to that arrest." Goode, No. 22-cr-44 at Doc. No. 43. Second, the issue of whether officers had probable cause to arrest Goode was actually litigated. The Government

filed a response to Goode's first Motion to Suppress. Id. at Doc. No. 51. A hearing on the Motion was held on August 6, 2025. Id. at Doc. No. 205. Third, as discussed supra, Judge Younge's rulings on the Motion to Suppress were valid and final judgments. Fourth, the findings of probable cause to arrest were essential to the final judgment. Judge Younge found Goode's allegations regarding his arrest to be "without merit" because the narcotics officers "caught [Goode] with a large amount of narcotics, packaging materials, and a loaded firearm." Id. at Doc. No. 211. As such, Judge Younge declined to suppress the over $1,000 in cash garnered during Goode's search incident to arrest. Id. Had Judge Younge found no probable cause existed for Goode's arrest, the evidence collected during that arrest may have been excluded and may not have contributed to his decision to enter his guilty pleas. See id. at Doc. No. 43. But Judge Younge did find probable cause existed. See id. at Doc. No. 211. Therefore, all elements of issue preclusion are met.

Thus, Goode is collaterally estopped from re-litigating whether his arrest lacked probable cause in this case. Given this result, his false arrest and/or false imprisonment claims will be dismissed.

**2. Tampering with Evidence Claims**

The Court will also dismiss Goode's claims involving tampering with evidence. In the Complaint, Goode alleges Defendants McCook, Rola Jr., Werner, and Snyder combined evidence secured in Goode's case with evidence from another criminal defendant's case. (Doc. No. 2 at 17–18.) He also claims the officers stalled in submitting the evidence to laboratories. (See id. at 18.)

In making this argument, Goode is improperly using Section 1983 to attack his criminal conviction. But Section 1983 may not be used to make a collateral attack on a valid criminal conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court said:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87. Regarding the application of Heck to civil cases that are stayed pending the resolution of a related criminal proceeding, the Supreme Court has said: "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, Heck will require dismissal[.]"[9] Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (holding dismissal under Heck operates as dismissal without prejudice).

Here, Goode's claims pertaining to tampering with evidence would impugn his criminal conviction. Goode was convicted of possession of more than 40 grams of cocaine or fentanyl. Goode, No. 22-cr-44 at Doc. No. 237. If, as Goode alleges, officers manipulated the weight of drugs found in the Butler Street residence by combining them with drugs from a different case, this collusion could render his conviction invalid. Jackson v. City of Erie Police Dep't, 570 Fed. App'x 112, 114 (3d Cir. 2014) (finding plaintiff's civil rights claims of "evidence tampering" to be "barred by the . . . rule in Heck" because they "implicitly challenge the legality of his conviction, which has not been invalidated"); Benckini v. Upper Saucon Twp., No. 07-3580, 2008 WL 2050825, at *10–11 (E.D. Pa. May 13, 2008) (dismissing claims of "manufacturing evidence"

---

[9] A court screening a litigant's Complaint under 28 U.S.C. § 1915(e)(2)(B) may dismiss a Complaint sua sponte when Heck would bar ruling in Plaintiff's favor, as such allegations fail to state a claim upon which relief can be granted. Jones v. Yale, No. 07-4099, 2008 WL 2522427, at *2 (E.D. Pa. June 25, 2008) (dismissing claims sua sponte against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because claims were barred by Heck).

under Heck). While Goode has filed a notice of appeal in his criminal case, he has not affirmatively demonstrated that his conviction has been reversed on appeal, expunged, declared invalid, or called into question by the granting of a writ of habeas corpus.[10] See Heck, 512 U.S. at 486–87. Without such a showing, the Court must dismiss Goode's claims surrounding evidence tampering without prejudice.

Therefore, Goode's claims pertaining to tampering of evidence are dismissed without prejudice.

**3. Conspiracy Claims**

Finally, it is appropriate to dismiss Goode's claims involving conspiracy. Goode alleges Defendants Werner, Rola Jr., Carr, McCook, and Snyder "conspire[d] with partners to violate [Goode's] constitutional rights." (Doc. No. 2 at 7–8.)

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings about specific facts demonstrating an agreement to commit the alleged improper actions.'" Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1480–81 (10th Cir. 1990)). Conclusory allegations of conspiracy are insufficient to state a claim upon which relief may be granted. Iqbal, 556 U.S. at 678.

Here, even construing the Complaint liberally, Goode has failed to allege facts supporting a plausible inference that he is entitled to relief because Defendants conspired against him. Goode

[10] Although Goode's direct appeal remains pending before the Third Circuit Court of Appeals, the appeal does not prevent dismissal under Heck. See Smith v. Borough of Morrisville, 656 Fed. App'x 590, 591 (3d Cir. 2016) (affirming dismissal of Heck-barred claims despite plaintiff's direct appeal pending).

alleges no specific communications that occurred among Defendants to bring baseless criminal charges against him. Nor does he plead facts supporting an agreement to violate his constitutional rights. Instead, Goode's allegations consist of conclusory, repetitive statements that Defendants conspired against him by "create[ing] a crime scene" and charges against Goode. Without additional facts indicating such an agreement existed, Goode's allegations are insufficient to plausibly allege that a conspiracy existed. Therefore, the Court will dismiss these claims.

For the reasons stated above, Goode's claims against Defendants Werner, Rola Jr., McCook, Snyder, and Carr will be dismissed.[11]

### B. Claims Against ATF Agent Shiva Raja

Second, Goode's claims against Defendant Shiva Raja must be considered. In the Complaint, Goode alleges Defendant Raja wrongfully "handcuffed [Goode] in state courtroom" and "placed him under arrest" in January 2022. (Id. at 8, 19.) Goode claims Defendant Raja provided the Government a "defect [sic] complaint" leading to his arrest on federal charges. (Id. at 19.) He asserts the complaint was defective because the quantity of drugs was not accurate and

---

[11] The Complaint also alleges the following about Defendant Rola Jr.: "Rola also placed handcuffs on Plaintiff's pregnant wife and yelled at Plaintiff's wife to shut up or she's going to jail. When she was just a guest. Plaintiff's wife is a high-risk pregnant person. Plaintiff's wife got so scared she started to bleed. The blood ran down her legs, days later Temple Hospital had to remove the twin babies." (Doc. No. 2 at 7.) While these events are most unfortunate, they do not provide an avenue of relief for Goode.

Third parties lack standing to bring claims under Section 1983 for the violation of another person's constitutional rights. Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 381 (E.D. Pa. 2002) ("It is well-established that a spouse . . . has no standing to raise [Section] 1983 claims resting on violations of [the other spouse's] constitutional rights."); Hopson v. McViar, No. 17-6307, 2017 WL 4697337, at *3 (D.N.J. Oct. 19, 2017) (finding plaintiff lacked standing to bring Section 1983 claim for plaintiff's partner's miscarriage after police officers did not let her leave the police station). Because this allegation seeks to vindicate Goode's wife's constitutional rights, Goode lacks standing to bring such a claim. Therefore, this claim will be dismissed.

"false statements" were made in connection with the complaint. (Id.) He also alleges Defendant Raja "conspire[ed] with Narcotics to bring [Goode's] case to the federal system." (Id. at 8.)

Unlike the other remaining defendants, who are employed by the City of Philadelphia, Defendant Raja is employed by the federal government as an ATF Special Agent. Under Section 1983, Congress "provided an action against persons who, 'under the color of state law,' violate a plaintiff's constitutional rights." Henry v. Essex Cnty., 113 F.4th 355, 360 (3d Cir. 2024) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). By contrast, "[t]here is no federal statutory cause of action against persons who, acting under color of federal law, violate a plaintiff's constitutional rights." Id. Instead, the remedy for plaintiffs alleging constitutional violations by officers acting under the color of federal law is a Bivens action. Id.

Although Goode has only checked off the box for Section 1983 in his Complaint, this Court will liberally construe the allegations against Defendant Raja in Goode's Complaint and treat them as Bivens claims.[12] See, e.g., Hall v. Sampson, No. 21-4839, 2022 WL 2068248, at *3 (E.D. Pa. June 8, 2022) ("[B]ecause § 1983 does not apply to federal actors, the Court will construe all of [plaintiff's claims against federal officers] as having been raised pursuant to Bivens.") It is unclear from the Complaint whether Goode alleges false arrest, malicious prosecution, and/or conspiracy. (See Doc. No. 2.) However, regardless of the cause of action, Goode fails to state a cognizable Bivens claim against Defendant Raja.

In Bivens, Supreme Court of the United States recognized a damages remedy for constitutional violations committed by federal actors. Bivens v. Six Unknown Named Agents, 403

---

[12] Courts screening complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) may act sua sponte to dismiss allegations that fail to state a cognizable Bivens claim. Ryan v. Robinson, No. 22-1175, 2024 WL 5135622, at *2 (D.N.J. Dec. 17, 2024); Kaetz v. United States, 23-3624, 2023 WL 6387302, at *1 (D.N.J. Sept. 29, 2023).

U.S. 388, 396–98 (1971). In the decades since, the Supreme Court has recognized the availability of Bivens damages in only three circumstances: (1) in Bivens, for unreasonable searches and seizures in violation of the Fourth Amendment; (2) in Davis v. Passman, 442 U.S. 228 (1979), for employment-based gender discrimination in violation of the Fifth Amendment; and (3) in Carlson v. Green, 446 U.S. 14 (1980), for inadequate medical care to federal inmates against federal prison officials in violation of the Eighth Amendment. Ziglar v. Abbasi, 582 U.S. 120, 131 (2017) (describing the limited application of Bivens). The Supreme Court "has consistently refused to expand Bivens actions beyond these three specific contexts." Mack v. Yost, 968 F.3d 311, 318 (3d Cir. 2020). In fact, expanding Bivens is a "disfavored judicial activity," as it risks impugning on Congress' authority to enact statutes providing such remedies. Ziglar, 582 U.S. at 135. As such, the Supreme Court has established a two-step framework to determine whether expansion of Bivens is warranted. First, courts must determine whether the claim presents a "new context" or involves a new category of defendants. See id. at 121. Second, courts must consider if there are "special factors counselling hesitation" of expanding Bivens. Id.

**1. New Context**

First, we consider whether Goode's claims present a "new context." Construing the allegations in the Complaint liberally, Goode brings claims against Defendant Raja for malicious prosecution, conspiracy, and/or false arrest.

"[O]ur understanding of a 'new context' is broad." Hernandez v. Mesa, 589 U.S. 93, 102 (2020). Context is "new" if it is "different in a meaningful way from previous Bivens cases decided by this Court." Ziglar, 582 U.S. at 139. This element is "easily satisfied" because "a modest extension of [the Bivens action] is still an extension." Id. at 147–49. In fact, even a case with "significant parallels to one of the Court's previous Bivens cases" may still be dismissed. Id. at 147. The Third Circuit has recognized that "[t]he newness of [a] 'new context' . . . alone

require[s] dismissal." Fisher v. Hollingsworth, 115 F.4th 197, 205 (3d Cir. 2024) (quoting Egbert v. Boule, 582 U.S. 482, 493 (2022)).

Here, Goode's claims against Defendant Raja present a "new context." His malicious prosecution and conspiracy claims do not fall within the Supreme Court's recognized Bivens progeny, which is limited to Fourth Amendment searches and seizures, Fifth Amendment sex-based discrimination, and Eighth Amendment failure to provide medical care. While Goode claims Defendant Raja provided the government a "defect[ive]" complaint authorizing his arrest based on false statements, courts have routinely declined to extend Bivens to allegations of false affidavits or statements leading to arrests. See, e.g., Xi v. Haugen, 68 F.4th 824, 834 (3d Cir. 2023) (allegations "that federal agents made false statements . . . that led Government to investigate, arrest, and prosecute [plaintiff]" constituted "new context"); Annappareddy v. Pascale, 996 F.3d 120, 135–37 (4th Cir. 2021) (claims that federal officials falsified evidence supporting arrest warrant were "new context" under Bivens); Cantu v. Moody, 933 F.3d 414, 423 (5th Cir. 2019) (allegations that federal officials falsified affidavits leading to plaintiff's arrest were "new context"). Goode's allegations that Defendant Raja "conspire[ed]" to bring his case to the federal system also present a "new context." Henry, 113 F.4th at 362 (conspiracy claims presented "new context").

Admittedly, there are some factual similarities between Goode's false arrest and/or imprisonment claims and Bivens: both concern an illegal arrest by a federal agent. However, even a case with "significant parallels to one of the Court's previous Bivens cases" may still constitute a "new context." Ziglar, 582 U.S. at 147. See also Baraka v. Habba, No. 25-6846, 2026 WL 2620984, at *15 (D.N.J. Sept. 4, 2026) (finding false arrest claim constituted "new context" despite "concerning similarities between factual allegations" of plaintiff's complaint and Bivens). Unlike

Bivens, which concerned "a claim against FBI agents for handcuffing a man in his own home without a warrant," Defendant Raja was an ATF Agent who arrested Goode in a courthouse. Ziglar, 582 U.S. at 140; (Doc. No. 2 at 18.) While the officers in Bivens did not have an arrest warrant, a review of the docket in Goode's criminal case reveals that Defendant Raja acted pursuant to a warrant. Goode, 22-cr-44 at Doc. No. 2. Because this case is not "indistinguishable from Bivens," we deem it a new context. Fisher, 115 F.4th at 205.

**2. Special Factors Counseling Hesitation**

Because Goode's claims present a new context, the Court must consider whether "any special factors . . . counsel hesitation" in recognizing a Bivens remedy.[13] Hernandez, 589 U.S. at 94. Critical to this inquiry is whether any special factor "indicates that the judiciary may be less suited than Congress to weigh the costs and benefits of a damages remedy." Fisher, 115 F.4th at 207. The existence of an alternative remedy "is reason enough to limit the power of the Judiciary to infer a new Bivens cause of action." Xi, 68 F.4th at 837.

Here, an alternative remedy exists for Goode's claims against Defendant Raja: Section 1495 and the Hyde Amendment. Section 1495 authorizes an award of damages to "any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. The Hyde Amendment permits an award of attorney's fees to a prevailing plaintiff "when the court finds that the position of the United States was vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A. The availability of these remedies constitutes a special factor counseling against expansion of Bivens to Goode's claims against Defendant Raja. Xi, 68 F.4th at 834 (existence of alternate remedies in the form of Section 1495 and Hyde Amendment foreclosed recovery under Bivens).

---

[13] Under the Third Circuit's recent precedent, the fact that Goode's claims present a "new context" alone warrants dismissal. Fisher, 115 F.4th at 205. However, because dismissal is also proper under the second prong of the Bivens inquiry, the Court will address that prong too.

Accordingly, the Court declines to extend Bivens to Goode's claims against Defendant Raja, and those claims will be dismissed.

## V. CONCLUSION

For the foregoing reasons, the remainder of Goode's claims will be dismissed. An appropriate Order follows.